### TYLER et al. v. WRIGHT, Sheriff, et al.
### No. 12485.

Court of Civil Appeals of Texas. Fort Worth.
Sept. 20, 1930.

Eugene A. Wilson, of Gainesville, for appellants.

Smith & Smith, of Fort Worth, for appellees.

CONNER, C. J.

The petition for injunction must be denied, we think, for want of equity in the bill. It appears therefrom that the petitioners for the temporary writ of injunction have a valid mortgage upon a certificate of membership in the Fort Worth Grain & Cotton Exchange,

a private corporation. This certificate was originally owned by S. W. Gladney, who, for a valuable consideration, executed the mortgage now held by petitioners. It further appears that thereafter the Smith Bros. Grain Company procured a judgment against the said S. W. Gladney for several hundred dollars, which is not shown to be invalid or nonexisting, and that thereafter said company, based on said judgment, in due form and order, so far as the record shows, sued out a writ of garnishment, which was duly served upon the Fort Worth Grain & Cotton Exchange; that upon a hearing of the garnishment proceedings, a judgment was rendered ordering the sale of the said S. W. Gladney's interest in the Fort Worth Grain & Cotton Exchange, said sale being advertised to take place on this day.

Petitioners, however, fail to show insolvency on the part of S. W. Gladney, or a refusal on his part to pay off the mortgage. Nor does it appear that they were in any sense a party to said garnishment proceedings, and hence bound by the judgments therein. Nor is it made to appear that the petitioners have instituted suit against the said S. W. Gladney to establish the debt and validity of the mortgage set forth or any sufficient reason given why the petitioners' rights, whatever they may have, may not be fully protected by giving notice thereof at the threatened sale which they seek to enjoin. Under such circumstances, as stated in the beginning, we think the bill lacks a sufficient showing to authorize the issuance of the injunction sought.